**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30004 |
| Plaintiff - Appellee, | |
| v. | D.C. No. 1:10-cr-30039-PA |
| JESUS LEAL-CARDONA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted September 27, 2011[**]

Before:     SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Jesus Leal-Cardona appeals from the 21-month sentence imposed following

his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326.  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Leal-Cardona contends that the district court erroneously believed that it

lacked authority to depart or vary on the ground of cultural assimilation, or failed

to consider cultural assimilation as a ground for departure or variance.  The record

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

belies these contentions.

Leal also contends that the court failed to explain its decision not to vary or depart from the Guidelines range on the ground of assimilation. The record provides an adequate basis for meaningful appellate review of the within-Guidelines sentence. *See United States v. Carty*, 520 F.3d 984, 992-93, 995 (9th Cir. 2008) (en banc).

He next argues that the court erroneously conflated departures and variances and erred in its decision not to depart or vary on the ground of cultural assimilation. He contends that the resulting sentence was substantively unreasonable. Our review of a district court's decision to vary or depart considers only whether the sentence imposed was substantively reasonable. *See United States v. Ellis*, 641 F.3d 411*, 421-22 (9th Cir. 2011). The record reflects that the low-end sentence here was reasonable in light of the need for deterrence and protection of the public. *See* 18 U.S.C. § 3553(a); U.S.S.G. 2L1.2, cmt. n.8.

Leal finally argues that the court did not adequately address his arguments regarding his "history and characteristics." The court's statements at sentencing were sufficient to permit meaningful appellate review of its reasonable within-Guidelines sentence. *See Carty*, 520 F.3d at 992-93.

**AFFIRMED.**